[Civ. No. 5253. First Appellate District, Division Two.—October 1, 1925.]

AMY GRAVES, Appellant, v. FLORENCE E. RICKERSHAUSER et al., Respondents.

[1] DEBTOR AND CREDITOR—RECOVERY OF ALLEGED BENEFICIAL INTEREST IN TRUST PROPERTY—FINDING—EVIDENCE—APPEAL.—In this action by a judgment creditor who had purchased his debtor's beneficial interest in property which was being held under a declaration of trust to pay said debtor's debts, to recover an alleged excess remaining on a sale of the trust property after payment of said debts and expenses of the trust, the finding of the trial court to the effect that said excess belonged to the purchasers of the prop-

erty and did not constitute the beneficial interest of said debtor, is supported by uncontradicted testimony (which is not inherently improbable), and is binding on appeal.

---

(1) 4 C. J., p. 877, n. 80; 15 C. J., p. 1430, n. 88 New.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. Franklin Baxter for Appellant.

Schweitzer & Hutton for Respondents.

LANGDON, P. J.—The controversy between the parties hereto out of which this appeal grows has been before this court on other appeals. They are all concerned with the attempt of the plaintiff to collect money due her from the defendant Florence E. Rickershauser. A very brief recital of facts will indicate how tortuous has been the road to that end.

In the year 1915 the defendant Florence Rickershauser, being heavily indebted, transferred all her property to the defendant Thomas McMahan, who executed a declaration of trust, declaring that he held same for the benefit of certain creditors of Florence Rickershauser, named therein, whose aggregate claims amounted to $28,978. The plaintiff, Amy Graves, was not included in this list of creditors. She brought an action against Florence Rickershauser in the superior court of Los Angeles County and obtained a judgment for $3,474.24. Thereafter, in August, 1917, plaintiff purchased at the sale under execution issued upon said judgment the beneficial interest of Florence Rickershauser in said trust property, if any there was, after the satisfaction of the purposes of the trust, i. e., the payment of the debts specified therein. The net purchase price of said interest— $2,583.56—was credited upon plaintiff's judgment. It was found that in July, 1917, McMahan, as trustee, sold the trust property to the defendants Susie M. Kibbe, Frank Rickershauser and Charles Rickershauser, children of Florence Rickershauser, for the sum of $33,641.85. The court found that this amount was necessary to discharge the purposes of

the trust. It appears that debts amounting to nearly $29,000 were specified in the trust instrument and the testimony is that the balance was consumed in legal fees and expenses in connection with litigation involving the trust property and other legitimate expenses connected with the administration of the trust. There is nothing to contradict this testimony and the trial court accepted it as true. It is, perhaps, not so satisfactory as if the items had been specified in detail by the witness, but it is, nevertheless, the only testimony on the subject appearing in the record.

Appellant contends that even though the amount allowed for taxes, interest and expenses be conceded to be correct, there is still $3,000 representing Mrs. Rickershauser's beneficial interest which should belong to the plaintiff because of her purchase of such beneficial interest. This claim is made because the trustee actually received $36,641.85, or an excess of $3,000 over and above the amount necessary for the debts and expenses. Appellant asserts that this $3,000 was actually part of the consideration for the trust property, and being in excess of the debts to be paid by the trust fund, it represented the beneficial interest of Florence Rickershauser, plaintiff's debtor.

[1] The trial court resolved this disputed question in favor of the defendants, holding that this $3,000 which was returned to the purchasers of the property was never intended as a part payment therefor, but was always the property of the purchasers and was returned to them as such and not as the beneficial interest of Florence Rickershauser. This determination is supported by uncontradicted testimony of defendant Frank Rickershauser that the trustee had made repeated unsuccessful efforts to sell the trust property, and finally the children of Florence Rickershauser concluded to purchase it for an amount sufficient to pay the debts secured by the trust deed, the expenses, etc. These items were estimated by the trustee to aggregate $33,641.85. The trustee lived in Montana, but came to California to consummate the transaction. The deed was made, executed and recorded before the full consideration was paid, the purchaser having previously advanced $13,000 of the consideration to pay urgent claims against Florence Rickershauser. When the deed was returned from the recorder's office, Frank Rickershauser saw it for the first time and

noticed that the amount of the consideration was erroneously stated therein to be $3,000 more than agreed upon—or $36,-641.85. He immediately called attention to this fact and a consultation was had with the attorney representing the trustee, who advised that the consideration stated in the deed should be paid and that the excess should be returned later to the purchasers. This method of overcoming the difficulty was adopted because the deed had already been recorded. The purchasers owned some property in Alma, Kansas, which was sold by the trustee for their account and the proceeds therefrom, amounting to about $24,000, was remitted directly by a bank in Kansas to the trustee in Montana. This remittance, together with the $13,000 previously advanced, completed the amount specified in the deed, $36,-641.85. About a month later the trustee returned to the children of Florence Rickershauser the $3,000 excess which they had paid, in accordance with the agreement between the parties.

If this testimony be true, the $3,000 in dispute was the sole property of the defendants Frank and Charles Rickershauser and Susie Kibbe, and never represented any interest or property of the debtor, Florence Rickershauser, and plaintiff has no claim upon it. The testimony just recited stands uncontradicted in the record and supports the finding of the court unless it is inherently improbable, and we think it does not merit such description. The trial court saw and heard the witnesses, and believed this uncontradicted testimony and we are powerless to interfere merely because it may seem peculiar that the consideration in the deed should have been stated incorrectly.

Like the trial court, we appreciate the hardship under which a plaintiff labors in a creditor's bill, seeking to discover hidden assets, but if there is no testimony in a record which indicates there are any hidden assets of a debtor, other property may not be subjected to the creditor's claim merely upon suspicion.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.